CHAROLETTE MORRISON et al., Respondents, v GEORGE F. ZAGLOOL, Appellant. [931 NYS2d 82]—

In March 1998 the defendant borrowed $20,000 from the plaintiff R.A.M. Sr. Management, Inc. (hereinafter R.A.M.), and executed a promissory note in R.A.M.'s favor dated March 19, 1998. The terms of the note provided, inter alia, that it was to be repaid in equal monthly installments of $515 over a 48-month period, with the first payment due on April 1, 1998. In January 1999 the defendant borrowed $13,000 from R.A.M. and executed a promissory note in R.A.M.'s favor dated January 25, 1999. The terms of the note provided, among other things, that it was to be repaid in equal monthly installments of $355 over a 48-month period with the first payment due on February 1, 1999. In July 1999 the defendant borrowed $11,000 from R.A.M. and executed a promissory note in R.A.M.'s favor dated July 1, 1999. The terms of the note provided, among other things, that it was to be repaid in equal monthly installments of $218 over a 60-month period with the first payment due on August 1, 1999. In September 1999 the defendant borrowed $30,000 from R.A.M. and executed a promissory note in R.A.M.'s favor dated September 1, 1999. The terms of the note provided, inter alia, that it was to be repaid in equal monthly installments of $500

over a 72-month period with the first payment due on October 1, 1999. In June 2001 the defendant borrowed $25,000 from R.A.M. and executed a promissory note in R.A.M.'s favor dated June 6, 2001. The terms of the note provided, inter alia, that it was to be repaid in equal monthly installments of $2,265 over a 12-month period with the first payment due on July 1, 2001. Thereafter, the defendant borrowed further sums of money from the plaintiff Charolette Morrison, and executed two promissory notes and two guarantees of payment in Morrison's favor. Those notes and guarantees are not the subject of this appeal.

On April 28, 2008, the plaintiffs commenced this action alleging that the defendant defaulted on all seven promissory notes. In May 2008 the defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the first five causes of action as time-barred. Each of these causes of action sought to recover on the promissory notes executed in R.A.M.'s favor. The Supreme Court, in effect, denied the motion. The defendant appeals. We modify.

For an action to recover on a promissory note, the statute of limitations is six years (see CPLR 213 [2]; Sce v Ach, 56 AD3d 457, 458 [2008]). A cause of action to recover on a note which is payable on demand accrues at the time of its execution (see Sce v Ach, 56 AD3d at 458; Comerica Bank, N.A. v Benedict, 8 AD3d 221, 222 [2004]). A cause of action to recover on a note which is payable in full at one time accrues at the time it becomes due (see Park Assoc. v Crescent Park Assoc., 159 AD2d 460, 461 [1990]). "However, with respect to a note payable in installments, such as the [notes] at bar, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon, unless the debt is accelerated" (Sce v Ach, 56 AD3d at 458). Here, the subject notes did not provide for acceleration of the debt in the event of default. Thus, for each of the five notes at issue on this appeal, the statute of limitations began to run on the date each installment became due and was defaulted upon.

Regarding the first note, dated March 19, 1998, the first payment was due on April 1, 1998, and each successive payment was due on the first day of each month thereafter, for a 48-month period. For purposes of the statute of limitations, a cause of action to recover on this first promissory note, based on a default in the payment of any one installment due under the note, accrued on the first day of each month of the 48 months at issue, and expired, respectively, six years thereafter. The plaintiffs commenced this action on April 28, 2008, so any cause of action which accrued under the note more than six years

prior to April 28, 2008, is time-barred. Since the payments under the note were to be made on the first day of each month from April 1, 1998, to March 1, 2002, all of the causes of action accrued more than six years prior to April 28, 2008, and therefore were time-barred. Thus, the Supreme Court should have granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) which was to dismiss as time-barred the cause of action to recover on the promissory note dated March 19, 1998.

Regarding the second note, dated January 25, 1999, the first payment was due on February 1, 1999, and each successive payment was due on the first day of each month thereafter, for a 48-month period. Thus, the payments under the second note were to be made on the first day of each month from February 1, 1999, to January 1, 2003. Those causes of action which accrued more than six years prior to April 28, 2008, were time-barred. The only timely causes of action were those which were to recover the unpaid installments from May 1, 2002, through January 1, 2003. Therefore, the Supreme Court should have granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) which was to dismiss as time-barred all causes of action which accrued under the second note from February 1, 1999, to April 1, 2002.

Regarding the third note, dated July 1, 1999, the first payment was due on August 1, 1999, and each successive payment was due on the first day of each month thereafter, for a 60-month period. Thus, the payments under the third note were to be made on the first day of each month from August 1, 1999, to July 1, 2004. Those causes of action which accrued more than six years prior to April 28, 2008, were time-barred. The only timely causes of action were those which were to recover the unpaid installments from May 1, 2002, to July 1, 2004. Therefore, the Supreme Court should have granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) which was to dismiss as time-barred all causes of action which accrued under the third note from August 1, 1999, to April 1, 2002.

Regarding the fourth note, dated September 1, 1999, the first payment was due on October 1, 1999, and each successive payment was due on the first day of each month thereafter, for a 72-month period. Thus, the payments under the fourth note were to be made on the first day of each month from October 1, 1999, to September 1, 2005. Those causes of action which accrued more than six years prior to April 28, 2008, were time-barred. The only timely causes of action were those which were to recover the unpaid installments from May 1, 2002, to

September 1, 2005. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss as time-barred all causes of action which accrued under the fourth note from October 1, 1999, to April 1, 2002.

Regarding the fifth note, dated June 6, 2001, the first payment was due on July 1, 2001, and each successive payment was due on the first day of each month thereafter, for a 12-month period. Thus, the payments under the fifth note were to be made on the first day of each month from July 1, 2001, to June 1, 2002. Those causes of action which accrued more than six years prior to April 28, 2008, were time-barred. The only timely causes of action were those which were to recover the unpaid installments from May 1, 2002, to June 1, 2002. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss as time-barred all causes of action which accrued under the fifth note from July 1, 2001, to April 1, 2002.

The plaintiffs' remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.