■ MELVYN I. WEISS, Respondent-Appellant, v BENETTON U.S.A. CORPORATION et al., Appellants-Respondents. [2 NYS3d 515]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 6, 2013, as denied their cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' cross motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On July 13, 1995, Republic National Bank (hereinafter Republic) issued an irrevocable standby letter of credit (hereinafter LOC), executed by the plaintiff, Melvyn I. Weiss, which was in favor of the defendant Benetton U.S.A. Corporation (hereinafter Benetton USA) in the principal sum of $500,000. According to Weiss, his friend Danny Markowitz needed the LOC to secure goods that Markowitz's nonparty corporations had purchased from an entity Weiss knew as "Benetton" for resale in Markowitz's "Benetton" retail stores. On its face, however, the LOC did not require Benetton USA, as a condition of obtaining payment, to warrant to Republic that Markowitz's corporations owed a debt to it. Rather, the LOC provided only that Republic would pay Benetton USA upon a demand referencing the

LOC's reference number and providing Republic with the LOC itself. From about 2005, Markowitz's corporations purchased goods from the defendant Benetton Trading USA, Inc. (hereinafter Benetton Trading), not from Benetton USA (hereinafter together the Benetton defendants). Weiss annually renewed the LOC until 2009, and at no time was the beneficiary of the LOC transferred from Benetton USA to Benetton Trading.

In February 2009, Markowitz's corporations owed Benetton Trading nearly $1,000,000 for unpaid receivables. After Markowitz allegedly informed the Benetton defendants that his corporations would be unable to pay their receivables because he had lost his savings in the Bernard Madoff Ponzi scheme, by letter dated February 12, 2009, Benetton USA, as beneficiary of the LOC, informed Republic's successor, HSBC Bank USA, N.A. (hereinafter HSBC), that it was drawing upon the LOC. In that letter, Benetton USA referenced the LOC reference number and attached the LOC itself. HSBC remitted to Benetton USA the principal sum of $500,000 on February 20, 2009, and debited those funds from Weiss's account. Benetton USA then immediately transferred the funds to Benetton Trading, which applied the funds to reduce the debt owed to it by Markowitz's corporations.

Thereafter, Weiss commenced this action against the Benetton defendants to recover damages for fraud, breach of contract, and unjust enrichment. Weiss moved for summary judgment on the complaint and the Benetton defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both motions, concluding that there were triable issues of fact as to whether Markowitz's corporations owed a debt to either Benetton USA or Benetton Trading when Benetton USA drew upon the LOC.

"Letters of credit are commercial instruments that provide a seller or lender (the beneficiary) with a guaranteed means of payment from a creditworthy third party (the issuer) in lieu of relying solely on the financial status of a buyer or borrower (the applicant). Historically, letters of credit have been used to assure predictability and stability in mercantile transactions by diminishing a seller's risk of nonpayment and a buyer's risk of nondelivery due to insufficient funds" (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d 115, 119 [2002] [citations omitted]; *see Gilday v Suffolk County Natl. Bank*, 100 AD3d 690, 692 [2012]). "By issuing a letter of credit, the [bank] undertakes an obligation to pay the beneficiary, or his [or her] transferee if the letter is negotiable, from the account of its customer" (*First Commercial Bank v Gotham Originals*, 64 NY2d 287, 294

[1985]). Generally, stand-by letters of credit are "meant to be drawn upon only in the event that its applicant fails to make a direct payment to the beneficiary . . . For this reason, to collect upon a stand-by [letter of credit], the beneficiary . . . must present to the issuing bank a default letter stating that the debt had not been satisfied as of a specified date" (*Brenntag Intl. Chemicals, Inc. v Bank of India*, 175 F3d 245, 251 [2d Cir 1999] [internal quotation marks omitted]; *see Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 119-120). However, "letters of credit must be strictly construed and performed in compliance with their stated terms" (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 121; *see Gilday v Suffolk County Natl. Bank*, 100 AD3d at 692). The rationale for this rule is rooted in the purpose of letters of credit: " '[b]y conditioning payment solely upon the terms set forth in the letter of credit, the justifications for an issuing bank's refusal to honor the credit are severely restricted, thereby assuring the reliability of letters of credit as a payment mechanism' " (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 121, quoting *Voest-Alpine Intl. Corp. v Chase Manhattan Bank, N.A.*, 707 F2d 680, 682 [2d Cir 1983]). Accordingly, "to make an issuing bank's payment obligation conditional, the parties must clearly and explicitly set forth that requirement on the face of the letter of credit" (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 121).

The Benetton defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for fraud, since in Benetton USA's February 12, 2009, letter to HSBC, it accurately and truthfully represented to HSBC that Benetton USA was the beneficiary of the LOC, and satisfied the two conditions set forth in the LOC pursuant to which payment would be made to it, to wit, by (1) referencing the LOC number, and (2) attaching the LOC. In any event, even if Benetton USA omitted a material fact by failing to warrant that Markowitz's corporations owed it a debt, such omission was intended to induce reliance only by HSBC, not by Weiss, and there is no evidence that Weiss relied on that omission to his detriment (*see Vermeer Owners v Guterman*, 78 NY2d 1114, 1116 [1991]; *Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806, 807-808 [2008]; *Marine Midland Bank v Renck*, 208 AD2d 688 [1994]).

The Benetton defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract. The LOC did not create a contractual relationship between Weiss and Benetton USA, either express or implied (*see* UCC 5-103 [d];

*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 120; *First Commercial Bank v Gotham Originals*, 64 NY2d at 294; *One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 13 [2011]).

The Benetton defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for unjust enrichment, since express contracts, albeit not between Weiss and Benetton USA (*see Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 120; *First Commercial Bank v Gotham Originals*, 64 NY2d at 294), govern the subject matter at issue (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Goldman & Assoc., LLP v Golden*, 115 AD3d 911 [2014]; *One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d at 14).

In opposition to the Benetton defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the complaint, Weiss failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the Benetton defendants' cross motion for summary judgment dismissing the complaint.

For similar reasons, the plaintiff's motion for summary judgment on the complaint was properly denied. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.