■ LUIS OCHOA, Respondent, v MATTHEW J. MONTGOMERY, Defendant, and NANCY MONTGOMERY, Appellant. [18 NYS3d 410]—

In an action, inter alia, to recover damages for breach of contract, the defendant Nancy Montgomery appeals from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated July 21, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against her and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Nancy Montgomery is denied, and the cross motion of the defendant Nancy Montgomery for summary judgment dismissing the complaint insofar as asserted against her is granted.

The plaintiff commenced this action to recover payment for work he allegedly performed for the defendant Matthew J. Montgomery (hereinafter Matthew) in connection with Matthew's furniture restoration business. The complaint alleged that the plaintiff and Matthew entered into an agreement whereby the plaintiff would perform work for Matthew at various job sites, in return for which Matthew would pay the plaintiff at the rate of $20 per hour. The plaintiff and Matthew performed in accordance with this agreement from 2005 until early 2009, when Matthew allegedly stopped paying the plaintiff for his services for a period of approximately 18 months. The complaint further alleged that at one point, the plaintiff met with Matthew's wife, the defendant Nancy Montgomery (hereinafter Nancy), who allegedly acted as the bookkeeper or financial manager for Matthew's business, and who purportedly signed a log book maintained by the plaintiff as an acknowledgment of the amount he was owed for his work.

In the first cause of action, asserted only against Matthew, the plaintiff alleged that Matthew had breached their contract and owed him a total of $40,035 for unpaid work. The second and third causes of action, which seek recovery under theories

of unjust enrichment and account stated, respectively, were asserted against both Matthew and Nancy. In their answer, the defendants admitted the allegations of the complaint which asserted that the plaintiff entered into an agreement with Matthew, that he performed work for Matthew pursuant to that agreement, and that he was not paid for certain work in violation of that agreement, although the defendants disputed the precise amount owed to the plaintiff.

Thereafter, the plaintiff moved for summary judgment on the issue of liability against both defendants, relying upon the admissions contained in their answer. In response, Matthew conceded his liability to the plaintiff and sought a trial on the question of how much was owed to him. However, Nancy opposed the motion, contending that she did not admit that she was liable for any amounts owed to the plaintiff. Furthermore, she cross-moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the plaintiff's motion and denied Nancy's cross motion. Nancy appeals.

Contrary to the plaintiff's contention and the determination of the Supreme Court, the defendants' answer contains no admission by Nancy of personal liability for the amounts owed to the plaintiff under his agreement with Matthew. A fair reading of the plain language contained in the complaint and the answer clearly demonstrates that, while the defendants admitted that the plaintiff performed services for Matthew for which he was not paid, there was no admission that Nancy was personally liable for any amounts owed to the plaintiff. Accordingly, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability against Nancy, and that branch of his motion which was for summary judgment on the issue of liability insofar as asserted against Nancy should have been denied.

Moreover, Nancy established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment insofar as asserted against her, since that cause of action was precluded by the existence of the contract between the plaintiff and Matthew covering the same subject matter (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012]; *Brandeis Sch., Inc. v Yakobowicz*, 130 AD3d 850 [2015]; *Weiss v Benetton U.S.A. Corp.*, 124 AD3d 633, 636 [2015]) and, in any event, she established that the plaintiff's performance of services for Matthew conferred no benefit on her so as to support an unjust enrichment cause of action against her (*see generally Goel v Ramachandran*, 111 AD3d

783, 791-792 [2013]; *Kalt v Ritman*, 21 AD3d 321, 323 [2005]; *Clark v Daby*, 300 AD2d 732 [2002]). The plaintiff failed to raise a triable issue of fact in opposition to Nancy's prima facie showing in this regard.

Similarly, Nancy established her prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover on an account stated insofar as asserted against her, since a cause of action for an account stated assumes the existence of an underlying debt between the parties (*see Shelly v Skief*, 73 AD3d 1016 [2010]; *see also Sunbelt Rentals, Inc. v New York Renaissance*, 126 AD3d 481 [2015]; *Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573 [2013]; *Antokol & Coffin v Myers*, 86 AD3d 876 [2011]), and neither Nancy's status as Matthew's spouse nor as the alleged bookkeeper or financial manager of Matthew's business would render her personally liable for his debt to the plaintiff. Inasmuch as the plaintiff failed to raise a triable issue of fact in opposition to Nancy's cross motion, the Supreme Court should have granted Nancy's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.