Aarons, J.
Appeal from a judgment of the Supreme Court (McGuire, J.), entered October 30, 2015 in Sullivan County, upon a decision of the court in favor of plaintiff.
In 2002, plaintiff met defendant through his accountant. The parties initially maintained a business relationship, but it eventually progressed into a friendship. At various times since they first met, plaintiff would loan defendant money. In November 2009, defendant signed a purported promissory note in favor of plaintiff in the amount of $257,000 reflecting the total sums of money loaned to defendant. In January 2010, plaintiff loaned defendant an additional $50,000. Plaintiff subsequently commenced this action alleging that defendant failed to pay him back the monies loaned to him. In his answer, defendant alleged two counterclaims. A nonjury trial was held and, following the close of proof, Supreme Court dismissed defendant’s second counterclaim. In an October 13, 2015 decision, Supreme Court found in favor of plaintiff and awarded him *1403 $307,000 and dismissed defendant’s first counterclaim. Judgment was subsequently entered thereon and defendant appeals.[1]
“[W]hen reviewing a determination following a nonjury trial, we independently review the weight of the evidence, while according appropriate deference to the trial court’s credibility assessments” (CGM Constr., Inc. v Sydor, 144 AD3d 1434, 1435 [2016]; see Weinberger v New York State Olympic Regional Dev. Auth., 133 AD3d 1006, 1007 [2015]; Shattuck v Laing, 124 AD3d 1016, 1017 [2015])- At trial, plaintiff testified that since 2002, he has loaned defendant money for various purposes. Plaintiff initially loaned defendant “a small amount of money” and defendant would always repay him. In 2007, plaintiff loaned defendant $112,000 because defendant “was going through a difficult time in Israel.” Plaintiff subsequently loaned defendant additional sums of money in order to help defendant, among other things, purchase business franchises and to buy an apartment. In November 2009, because the amount of money that had been loaned through the years had become substantial, plaintiff wanted “to be protected.” Plaintiff’s executive assistant printed out a blank promissory note form from the Internet, which defendant completed and signed. The amount of $257,000 was derived from plaintiff’s records regarding the sums of money previously loaned to defendant. Both plaintiff and his executive assistant testified that defendant promised to pay plaintiff back for the money lent to him. Plaintiff also stated that defendant told him that “within two years you will see your money.” Plaintiff testified that after the parties signed the note, in January 2010, defendant called him stating that he was “broke” and that he needed money for gas so that he could attend a meeting for his next deal. Plaintiff wired defendant $50,000 and submitted documentary evidence reflecting the wire transfer. Plaintiff testified that he has not been paid back for either the $257,000 as memorialized in the note or the $50,000 loan.
Defendant asserts that the note was unenforceable as a matter of law. Although the note did not constitute a negotiable instrument, it may still be enforceable under traditional principles of contract law (see DH Cattle Holdings Co. v Reinoso, 176 AD2d 1057, 1058 [1991]). As Supreme Court found, the *1404 note “memorialize [d] a debt between the parties and by signing same . . . defendant has acknowledged that debt and his obligation to pay same.” And, while the note stated that the money was to be repaid at a time “[t]o be agreed upon” by the parties, “[w]hen a contract does not specify time of performance, the law implies a reasonable time” (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]); here, plaintiff testified that there was an expectation that he would be repaid within two years.
To the extent that defendant disputed that he received any of the money as testified to by plaintiff or characterized the money given to him as duly earned business commissions, Supreme Court, as the trier of fact, was best situated to assess the witnesses’ credibility (see Tomanelli v Lizda Realty, 174 AD2d 889, 891 [1991]). We conclude that Supreme Court reasonably credited plaintiff’s testimony over that of defendant’s and perceive no basis to disturb the court’s determination awarding $307,000 to plaintiff (see generally Dzek v Desco Vitroglaze of Schenectady, 285 AD2d 926, 927 [2001]). Furthermore, while defendant relies on the statute of frauds with respect to the $50,000 loan, such argument was waived inasmuch as defendant failed to plead the statute of frauds as an affirmative defense in his answer (see Bourdeau Bros., Inc. v Bennett, 74 AD3d 1542, 1542 [2010]).
Supreme Court also properly dismissed defendant’s first counterclaim alleging that plaintiff failed to pay him a brokerage fee with the respect to the sale of one of plaintiff’s businesses.[2] Defendant submitted a copy of a blank listing agreement that he testified was similar to the one that he entered into with plaintiff in 2002. Defendant, however, admitted that, according to the express terms of such agreement, it expired 12 months after it was signed and oral extensions were prohibited. Defendant further stated that he did not have a written listing agreement with plaintiff following the expiration of this 12-month period. Plaintiff testified that, in 2007, he sold the inventory from one of his businesses to another company and, although defendant attended some of the negotiations for such sale, plaintiff stated that he was present in his capacity as a friend. Plaintiff further stated that he did not have any agreement to pay defendant a commission for this inventory sale. In view of the foregoing and according deference to Supreme *1405 Court’s findings, the court’s determination that defendant was not entitled to brokerage fees as alleged in the first counterclaim was supported by a fair interpretation of the evidence (see generally Matter of Roth v S & H Grossinger, 284 AD2d 746, 747 [2001]).
Finally, Supreme Court did not err in dismissing defendant’s second counterclaim alleging that plaintiff failed to share profits pursuant to a partnership between them involving the importation of certain products. Defendant did not submit any proof demonstrating either that the parties agreed to share profits or that they entered into any partnership agreement. Because defendant did not satisfy his burden of proof, the dismissal of the second counterclaim was proper (see generally Feldin v Doty, 45 AD3d 1225, 1226 [2007]).
Peters, P.J., McCarthy, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed, with costs.

. To the extent that defendant purports to appeal from the October 13, 2015 decision, no appeal lies from a decision (see D D & P Realty, Inc. v Robustiano, 68 AD3d 1496, 1497 n [2009]). Defendant’s appeal from the judgment, however, brings up for review this decision (see Haber v Gutmann, 64 AD3d 1106, 1107 n [2009], lv denied 13 NY3d 711 [2009]).

. Defendant’s arguments of promissory estoppel, quantum meruit and unjust enrichment with respect to his first counterclaim are improperly raised for the first time on appeal (see Malta Props. 1, LLC v Town of Malta, 143 AD3d 1142, 1144 n [2016]).