SAMIR ELIA, Also Known as SAMYR ELIA, Appellant, v DANIEL PERLA et al., Respondents. [55 NYS3d 305]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated September 21, 2015, as reserved decision on that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss as time-barred so much of the first cause of action as was predicated upon loans that alleg-

edly were made more than six years prior to the commencement of the action, and (2) so much of an order of the same court dated January 7, 2016, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss as time-barred so much of the first cause of action as was predicated upon loans that allegedly were made more than six years prior to the commencement of the action.

Ordered that the appeal from the order dated September 21, 2015, is dismissed, as the plaintiff is not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *see also Katz v Katz*, 68 AD2d 536, 542-543 [1979]), and, in any event, the portion of the order appealed from was superseded by the order dated January 7, 2016 (*see Zdunczyk v Ginther*, 15 AD3d 574, 574 [2005]); and it is further,

Ordered that the order dated January 7, 2016, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action in November 2013, to recover damages for, among other things, breach of contract. The plaintiff alleged that he made a series of loans to the defendants which totaled more than $1,024,997.18. The amended complaint reflects that the first of these loans was made no later than July 2006, and that the last two loans were made in December 2007. The amended complaint alleged that the parties' agreement did not specify any particular time when these loans would become due (*cf.* UCC 3-108), and that the defendants agreed to repay the loans within three months after the plaintiff made a demand for repayment. The alleged agreement did not place any conditions upon the plaintiff's right to demand repayment such that the plaintiff was free to demand repayment at any time.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss as time-barred so much of the first cause of action as was predicated upon loans that allegedly were made more than six years prior to the commencement of the action. In the first order appealed from, the Supreme Court, among other things, reserved decision on that branch of the defendants' motion. In the second order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion.

In resolving a motion to dismiss pursuant to CPLR 3211 (a) (5), this Court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (*see Faison v Lewis*, 25 NY3d 220, 224

[2015]; *Ford v Phillips*, 121 AD3d 1232, 1234 [2014]; *6D Farm Corp. v Carr*, 63 AD3d 903, 905 [2009]; *see also Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (*Stewart v GDC Tower at Greystone*, 138 AD3d 729, 729 [2016]; *see Campone v Panos*, 142 AD3d 1126, 1127 [2016]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (*Barry v Cadman Towers, Inc.*, 136 AD3d 951, 952 [2016]; *see Stewart v GDC Tower at Greystone*, 138 AD3d at 730).

"The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203 [a]; *see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770 [2012]). "In contract actions . . . a claim generally accrues at the time of the breach" (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d at 770; *see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

"Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff 'possesses a legal right to demand payment' " (*Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006], quoting *Matter of Prote Contr. Co. v Board of Educ. of City of N. Y.*, 198 AD2d 418, 420 [1993]; *see City of New York v State of New York*, 40 NY2d 659, 668 [1976]; *Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp.*, 71 AD3d 843, 845 [2010]; *Kuo v Wall St. Mtge. Bankers, Ltd.*, 65 AD3d 1089, 1090 [2009]). Since a lender who has made a loan which is repayable on demand has the immediate legal right to demand payment upon the issuance of the loan (*see McMullen v Rafferty*, 89 NY 456, 459 [1882]; *Environics, Inc. v Pratt*, 50 AD2d 552, 552-553 [1975]; *Knapp v Greene*, 29 NYS 350 [Sup Ct, Gen Term, 1st Dept 1894]), courts have consistently held that "[a] cause of action to recover on a note which is payable on demand accrues at the time of its execution" (*Morrison v Zaglool*, 88 AD3d 856, 858 [2011]; *see Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138, 143 [1993]; *McMullen v Rafferty*, 89 NY at 459; *Sce v Ach*, 56 AD3d 457, 458 [2008]; *Lynford v Williams*, 34 AD3d 761, 762 [2006]; *Shelley v Dixon Equities*, 300 AD2d 566, 567 [2002];

*see also* 81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper § 665; *cf.* UCC 3-122 [1] [b]). Notably, "the statute of limitations in [such] cases [is] triggered when the party that was owed money had the right to demand payment, not when it actually made the demand" (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d at 771; *see Environics, Inc. v Pratt*, 50 AD2d at 553; *see also* CPLR 206 [a]; *see generally* 81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper § 665).

Here, the parties' agreement, as alleged in the amended complaint, provided that the sums loaned to the defendants were repayable on demand. Accordingly, the plaintiff possessed a legal right to demand payment at the time that each loan was advanced to the defendants, and the statute of limitations began to run at each of those respective times (*see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d at 771; *Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d at 143; *McMullen v Rafferty*, 89 NY at 459; *Morrison v Zaglool*, 88 AD3d at 858; *Sce v Ach*, 56 AD3d at 458; *Lynford v Williams*, 34 AD3d at 762; *Shelley v Dixon Equities*, 300 AD2d at 567). Contrary to the plaintiff's contention, the three-month period for repayment following a demand did not constitute a condition that had to be fulfilled before the right to final payment arose (*see Environics, Inc. v Pratt*, 50 AD2d 552, 552-553 [1975]; *Knapp v Greene*, 29 NYS 350 [1894]; *see also* CPLR 206 [a]; *see generally* 81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper § 665; *cf. John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss as time-barred so much of the first cause of action as was predicated upon loans that allegedly were made more than six years prior to the commencement of the action. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.