In an action, inter alia, in effect, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered July 26, 2016, which granted the defendant’s motion pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) to dismiss so much of the first cause of action as sought to recover unpaid installments which accrued after March 3, 2010, under the promissory note, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
 

 On May 4, 2007, the plaintiff loaned $85,000 to the defendant. The loan was evidenced by a mortgage instrument incorporating by reference a promissory note providing that the defendant would make interest-only payments of $1,275 per month “until the principal of the loan is paid off.” Five days later, on May 9, 2007, the plaintiff loaned an additional $15,000 to the defendant. The loan was evidenced by a mortgage instrument incorporating by reference a promissory note providing that the defendant would make interest-only payments of $1,500 per month “until the principal of the loan is paid off,” and that the debt of $100,000 would be paid in full on or before September 8, 2008. The defendant executed both mortgage instruments before a notary public, and both instruments encumbered the same real property located in Brooklyn. Thereafter, the defendant tendered monthly payments from November 2007 until November 2008 and then ceased making any further payments. On March 3, 2016, the plaintiff commenced this action against the defendant, asserting causes of action to recover damages for breach of contract and unjust enrichment. In response, the defendant moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint. In the order appealed from, the Supreme Court granted the defendant’s motion on the ground that the action was time-barred. The plaintiff appeals.
 

 Initially, the Supreme Court should have granted dismissal of the second cause of action, alleging unjust enrichment, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. “ ‘The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter’ ” (Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d 991, 995 [2017], quoting Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Here, the parties do not dispute that there was a valid note evidencing their loan transaction. The second cause of action alleging unjust enrichment was based on the same facts and sought the same damages as the first cause of action alleging breach of contract. Thus, it was duplicative of the first cause of action and was subject to dismissal on that ground (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; Ochoa v Montgomery, 132 AD3d 827, 828 [2015]).
 

 “In resolving a motion to dismiss pursuant to CPLR 3211 (a) (5), this Court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference” (Elia v Perla, 150 AD3d 962, 963 [2017]). “To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired” (Stewart v GDC Tower at Greystone, 138 AD3d 729, 729 [2016]). If the defendant meets this initial burden, “the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period” (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1086 [2016]; see Elia v Perla, 150 AD3d at 964; Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016 [2015]).
 

 Generally, a promissory note is enforceable under traditional principles of contract law. (see Shlang v Inbar, 149 AD3d 1402 [2017]). “The statute of limitations for an action to recover on a promissory note is six years” (Sce v Ach, 56 AD3d 457, 459 [2008]; see CPLR 213 [2]). Where, as here, a note is payable in installments and the debt has not been accelerated, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon (see Morrison v Zaglool, 88 AD3d 856, 858 [2011]). A contract must be enforced according to the plain language of its terms and is unambiguous “if the language it uses has ‘a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion’ ” (Greenfield v Philles Records, 98 NY2d 562, 569 [2002], quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355 [1978]). “To determine whether a writing is unambiguous, language should not be read in isolation because the contract must be considered as a whole” (Brad H. v City of New York, 17 NY3d 180, 185 [2011]). “Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Whether or not a writing is ambiguous is an issue of law to be decided by the court (see id. at 162).
 

 Here, it is undisputed that the mortgage instrument and incorporated note dated May 9, 2007, represented the parties’ agreement that the plaintiff had loaned the defendant a total of $100,000, that the defendant was required to make fixed interest-only payments of $1,500 per month, that the debt was to be paid in full on or before September 8, 2008, that the defendant tendered her last payment in November 2008, and that the principal of the loan had not been paid off. The defendant argued in support of her motion to dismiss, and now maintains on appeal, that she fulfilled her payment obligations under the mortgage and note and that the breach of contract cause of action was untimely since it was commenced more than six years after she tendered her final payment in November 2008. The plaintiff maintains, however, that pursuant to the plain language of the mortgage instrument and note, the defendant was required to continue to tender monthly payments until the principal of the loan was paid off and that the breach of contract cause of action was timely as to all unpaid installments which accrued less than six years prior to the commencement of the action on March 3, 2016.
 

 The plain language of the mortgage instrument and note does not support the defendant’s interpretation, as it clearly requires the continuation of payments until the principal of the loan is paid off. The defendant’s interpretation that she was only required to make interest payments for one year from November 10, 2007, would render superfluous the language requiring payment until the loan was satisfied (cf. Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). Further, there is nothing in the mortgage instrument and note to suggest that the monthly interest payments were to cease in September 2008 regardless of whether the principal was paid in full. Had the parties intended for the defendant’s payment obligation to cease upon maturity of the note, they could have expressed this intention in the document (see NML Capital v Republic of Argentina, 17 NY3d 250, 261 [2011]).
 

 Accordingly, the Supreme Court erred in granting dismissal of the entire first cause of action as time-barred, as the defendant failed to meet her prima facie burden demonstrating that the plaintiff had commenced this action after the time in which to do so had expired. Applying the six-year statute of limitations to each installment which became due and was defaulted upon, the Court should have granted dismissal of only so much of the first cause of action as sought to recover unpaid installments accruing under the note more than six years prior to March 3, 2016, as time-barred (see Morrison v Zaglool, 88 AD3d 856 [2011]). Thus, the first cause of action was timely to the extent that it sought to recover unpaid installments accruing under the note on or after March 3, 2010.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.