Bank of N.Y. Mellon v Celestin (2018 NY Slip Op 05815)





Bank of N.Y. Mellon v Celestin


2018 NY Slip Op 05815


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-04957
 (Index No. 33248/15)

[*1]Bank of New York Mellon, respondent, 
v
Mona Celestin, et al., defendants, Alberte Laguerre, appellant.


Schulman & Kissel, P.C., Suffern, NY (Julian Alan Schulman of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Henry P. DiStefano and Erin Wietecha of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alberte Laguerre appeals from an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated November 17, 2015. The order denied the motion of the defendant Alberte Laguerre pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In 2006, the defendant Mona Celestin executed a note in favor of American Brokers Conduit (hereinafter ABC) and, as security, gave a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for ABC, encumbering certain real property. Both the note and the mortgage provided that the lender could require immediate payment in full in the event of the borrower's default, which included the failure to make the monthly installment payments, provided the lender sent a 30-day notice of default. In 2007, Celestin conveyed the property to the defendant Alberte Laguerre (hereinafter the appellant). In 2008, Celestin entered into a written stipulation with the plaintiff (hereinafter the stipulation), wherein she acknowledged that the note and mortgage were in default and agreed to make certain payments on dates and in amounts set forth in the stipulation, which was designed to bring the payments due under the note and mortgage current. In the stipulation, the plaintiff agreed to take no affirmative steps to commence a foreclosure action provided that Celestin complied with all of the terms of the stipulation. Thereafter, sporadic payments were made pursuant to the stipulation. The last, a partial payment, was made on January 24, 2009. In 2010, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2010 action). That action was thereafter "administratively dismissed" by the Supreme Court.
In July 2015, the plaintiff commenced this foreclosure action against, among others, Celestin and the appellant, alleging a failure to make the monthly payment due under the note. The appellant moved to dismiss the complaint insofar as asserted against her as time-barred. The appellant asserted that she had been the beneficial owner of the property since 1982 and that it was she, not Celestin, who made the actual payments. The appellant contended that, pursuant to the [*2]terms of the stipulation, the statute of limitations began to run in January 2009. The Supreme Court denied the motion, finding that the action was not time-barred.
In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834; Amrusi v Nwaukoni, 155 AD3d 814, 816). In such a motion, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see U.S. Bank N.A. v Gordon, 158 AD3d at 834-835; Amrusi v Nwaukoni, 155 AD3d at 816). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Amrusi v Nwaukoni, 155 AD3d at 816; Elia v Perla, 150 AD3d 962, 964).
Here, the appellant failed to sustain her initial burden of demonstrating, prima facie, that the action was untimely. An action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years (see CPLR 213[4]; U.S. Bank N.A. v Gordon, 158 AD3d at 834; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234). In a mortgage foreclosure action, the statute of limitations begins to run "from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or [from] when the mortgage debt has been accelerated" (Zinker v Makler, 298 AD2d 516, 517). Once a mortgage debt is accelerated, the borrower's right and obligation to make monthly installments ceases and all sums become immediately due and payable (see Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894).
The appellant's contention that, upon her default in the payments pursuant to the stipulation, the note and mortgage were accelerated, is contrary to the plain language of the stipulation. Further, contrary to the appellant's contention, CPLR 206 is inapplicable in this case (see CPLR 206[a]; Uniform Commercial Code 3-104[2][d]).
Moreover, the stipulation provided that acceptance of sums paid by the debtor under the stipulation did not constitute a waiver of the plaintiff's right to foreclose its mortgage "or in any other way prosecute or defend its rights," in the event of default under the stipulation (see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 681 [forbearance agreement provided that terms of mortgage remained in full force and effect]; see also JPMorgan Chase Bank, N.A. v Galt Group, Inc., 84 AD3d 1028, 1029; Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826, 826; Federal Home Loan Mtge. Corp. v Nappy, 254 AD2d 323). Although the mortgage provided that the plaintiff could, upon notice, demand immediate payment in full, there is no indication in the record that the plaintiff opted to accelerate and demand payment in full prior to the commencement of the 2010 action (see Loiacono v Goldberg, 240 AD2d 476, 477; 1-4 Bergman on New York Mortgage Foreclosures § 4.03). Since this action was commenced within six years of the 2010 action, we agree with the Supreme Court's determination to deny the appellant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867-868).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court