Bank of N.Y. Mellon v Bissessar (2019 NY Slip Op 03755)





Bank of N.Y. Mellon v Bissessar


2019 NY Slip Op 03755


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-12760
 (Index No. 706482/16)

[*1]Bank of New York Mellon, etc., appellant,
v
Taramattie Bissessar, respondent, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for appellant.
Gregory Bitterman, Great Neck, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered November 3, 2016. The order granted the motion of the defendant Taramattie Bissessar pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed, with costs.
In June 2016, the plaintiff commenced this action against the defendant Taramattie Bissessar (hereinafter the defendant), among others, to foreclose a mortgage on property located in Ozone Park. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that the action was barred by the applicable statute of limitations. The Supreme Court granted the motion. The plaintiff appeals.
In resolving a motion to dismiss pursuant to CPLR 3211(a)(5) on the ground that the cause of action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 735; U.S. Bank N.A. v Gordon, 158 AD3d 832, 834; Amrusi v Nwaukoni, 155 AD3d 814, 816). On such a motion, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see JP Morgan Chase Bank, N.A. v Mbanefo, 166 AD3d 742, 743; U.S. Bank N.A. v Gordon, 158 AD3d at 834-835; Amrusi v Nwaukoni, 155 AD3d at 816). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835; see Amrusi v Nwaukoni, 155 AD3d at 816; Elia v Perla, 150 AD3d 962, 964).
Here, the defendant met her initial burden of demonstrating that the time within which to commence the action had expired. The defendant submitted evidence that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt on August 26, 2008, when the plaintiff's predecessor in interest accelerated the debt and commenced a prior action to foreclose the mortgage (hereinafter the 2008 action), and that the instant action was commenced on June 2, 2016, more than six years later (see 21st Mtge. Corp. v Osorio, 167 AD3d 823; U.S. Bank, N.A. v Kess, 159 AD3d 767, 768).
Contrary to its contention, the plaintiff was required to present admissible evidence in order to meet its burden of establishing that the action was timely commenced or to raise a question of fact as to whether the action was timely commenced (see U.S. Bank v Kess, 159 AD3d at 768; U.S. Bank N.A. v Martin, 144 AD3d 891, 892; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611). The plaintiff failed to demonstrate that a "screenshot" it submitted in opposition to the defendant's motion, purportedly showing that the defendant made a payment on the mortgage loan on June 21, 2010, after the commencement of the 2008 action, was admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; U.S. Bank N.A. v Martin, 144 AD3d at 892). In any event, the information contained in the screenshot was insufficient to raise a question of fact as to whether, as the plaintiff contends, the statute of limitations ran anew from the date of the June 21, 2010, payment (see U.S. Bank N.A. v Martin, 144 AD3d at 892-893). The screenshot was not evidence that a payment was made and did not show by whom the alleged payment was made and, thus, did not evidence that it was made by the defendant (see id.).
Furthermore, the defendant's letter dated October 29, 2010, allegedly to the loan servicer, requesting that her application for a loan modification be reconsidered, and her subsequent letter dated January 1, 2011, advising that she was sending a document in connection with the loan modification application, did not constitute an unconditional and unqualified acknowledgment of the debt sufficient to reset the running of the statute of limitations; the letters were only a settlement offer that the plaintiff did not accept (see U.S. Bank, N.A. v Kess, 159 AD3d at 768-769; Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645; Sichol v Crocker, 177 AD2d 842, 843).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court