U.S. Bank Trust N.A. v Braun (2025 NY Slip Op 05717)

U.S. Bank Trust N.A. v Braun

2025 NY Slip Op 05717

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01134
 (Index No. 32214/21)

[*1]U.S. Bank Trust National Association, etc., appellant- respondent, 
v
Samuel Braun, respondent-appellant.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant-respondent.
Jeremy Rosenberg, Chestnut Ridge, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 11, 2023. The order, insofar as appealed from, denied the plaintiff's application for leave to enter a default judgment and granted that branch of the defendant's motion which was to extend the time to answer the complaint. The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application for leave to enter a default judgment is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In September 2002, the defendant executed a note in favor of Washington Mutual Bank, F.A. (hereinafter Washington Mutual), that was secured by a mortgage on certain real property located in Spring Valley. In January 2007, Washington Mutual commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2007 action). In an order dated December 21, 2018, the Supreme Court, inter alia, directed dismissal of the complaint in the 2007 action for lack of personal jurisdiction over the defendant.
In April 2021, the plaintiff commenced this action, among other things, to recover on the note. In April 2022, the plaintiff made an application for leave to enter a default judgment. The defendant opposed the application and moved to extend the time to answer the complaint and [*2]pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order dated January 11, 2023, the Supreme Court denied the plaintiff's application, granted that branch of the defendant's motion which was to extend the time to answer the complaint, and denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The plaintiff appeals, and the defendant cross-appeals.
A defendant who has failed to timely answer a complaint and who seeks to avoid the entry of a default judgment and leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Singh v Pradhan, 229 AD3d 472, 472-473). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [internal quotation marks omitted]). Under the circumstances of this case, including, inter alia, the lack of willfulness on the part of the defendant and the lack of prejudice to the plaintiff, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's application for leave to enter a default judgment and in granting that branch of the defendant's motion which was to extend the time to answer the complaint.
With regard to the statute of limitations, "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" "must be commenced within six years" (CPLR 213[4]). "With respect to a note payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon, unless the debt is accelerated" (Sperry Assoc. Fed. Credit Union v John, 218 AD3d 707, 709; see Morrison v Zaglool, 88 AD3d 856, 859; Sce v Ach, 56 AD3d 457, 458). However, "even if a [note] is payable in installments, once [the note] debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lavin v Elmakiss, 302 AD2d 638, 639).
Here, in support of his motion, the defendant submitted, among other things, a copy of the complaint in the 2007 action, in which Washington Mutual elected to call due the entire amount secured by the mortgage. Since the plaintiff did not commence this action, inter alia, to recover on the note until 2021, more than 14 years later, the defendant demonstrated, prima facie, that this action was time-barred (see RPAPL 1301[4]; First Am. Tit. Ins. Co. v Holohan, 189 AD3d 1180, 1182). In opposition, the plaintiff failed to raise a question of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court