Minihane v Brown (2026 NY Slip Op 01505)

Minihane v Brown

2026 NY Slip Op 01505

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-03465
2024-03466
 (Index No. 627267/23)

[*1]Marilyn Minihane, respondent,
vMichael Brown, appellant.

Piana & Gioe, LLC, Hauppauge, NY (Jack Piana of counsel), for appellant.
Law Office of Michael H. Joseph, PLLC, White Plains, NY (John V. Tait of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated March 1, 2024, and (2) a judgment of the same court dated March 14, 2024. The order granted the plaintiff's motion for summary judgment in lieu of complaint and denied the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the action as time-barred. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $19,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In August 2014, the defendant, Michael Brown, and Elizabeth Brown executed a promissory note stating: "Whereas [the plaintiff] has leant Michael & Elizabeth Brown Nineteen thousand dollars. This is a zero interest bearing note, with no amortization and payable in full upon written request of [the plaintiff], no sooner than January 1st, 2015." On September 11, 2023, the plaintiff wrote to the defendant "to request repayment of the loan I made to you." The defendant failed to repay the loan.
In November 2023, the plaintiff commenced this action to recover on the promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant cross-moved pursuant to CPLR 3211(a)(5) to dismiss the action as time-barred. The Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals, contending only that the statute of limitations had expired because the six-year statute of limitations [*2]accrued on January 1, 2015.
A cause of action to recover on a promissory note has a six-year statute of limitations (see CPLR 213[2]; Carpenito v Linksman, 197 AD3d 553, 554). "As a general principle, the statute of limitations begins to run when a cause of action accrues, that is, 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court'" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [citation omitted], quoting Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175). Generally, "where 'the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the [party making the claim] possesses a legal right to demand payment'" (id., quoting Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843, 845). However, "'when the right to final payment is subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled'" (id., quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 550). "A cause of action to recover on a note which is payable in full at one time accrues at the time it becomes due" (Morrison v Zaglool, 88 AD3d 856, 858). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Donohue v Cuomo, 38 NY3d 1, 13 [internal quotation marks omitted]).
Here, under the specific terms of the promissory note at issue, repayment was not due until the plaintiff requested repayment, and the plaintiff was not entitled to obtain relief in court until she made such a request. Thus, the statute of limitations did not begin to run until September 11, 2023, and this action was timely (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770-772; Morrison v Zaglool, 88 AD3d at 858).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint, and properly denied the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the action as time-barred.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court