## (February 24, 1964)

■ BECKY GOLDBARD et al., Appellants, v. JULIUS J. KIRCHIK et al., Respondents.— In a negligence action to recover damages for personal injury, loss of services and medical expenses, by tenants in a multiple dwelling against its two owners (Julius J. Kirchik and David Kirchik), the plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered May 4, 1962 (as amd. Sept. 4, 1962) after a jury trial, upon a verdict in favor of both defendants. Judgment (as amd.) reversed on the law and the facts insofar as it is in favor of the defendant Julius J. Kirchik, and new trial granted as to said defendant, with costs to abide the event, and without prejudice to such further proceedings against the defendant David Kirchik (now deceased), as plaintiffs may be advised. Appeal by plaintiffs from the judgment (as amd.) insofar as it is in favor of the said defendant David Kirchik, dismissed without prejudice to such further proceedings against him as plaintiffs may be advised. The female plaintiff, while in the bedroom of her apartment, in the building owned by the defendants, was injured by plaster falling from the ceiling. The defendants offered no evidence; they rested at the close of plaintiffs' case. The trial was interspersed with prejudicial remarks and comments by the Trial Judge and with unnecessary interruptions and questions by him. In its cumulative effect, the conduct of the Trial Judge rendered impossible an impartial determination by the jury and prevented the plaintiffs from obtaining a fair trial. Under the circumstances, a new trial is required in the interests of justice (*Buckley* v. *2570 Broadway Corp.,* 12 A D 2d 473; *Kamen Soap Prods. Co.* v. *Prusansky & Prusansky,* 11 A D 2d 676; *Scala* v. *Scala,* 19 A D 2d 559; *Stanley* v. *Lermsider,* 16 A D 2d 967; *Murray* v. *McLean Trucking Co.,* 5 A D 2d 780; *Kaminsky* v. *American Newspapers,* 255 App. Div. 882). The record contains the statement, made pursuant to rule 5531 of the Civil Practice Law and Rules, that there has been no change in the original parties to the action. Contrary to this statement however, it appears from the proof and from the Trial Judge's charge in the record that there was a change in the parties, namely: that the defendant David Kirchik, one of the owners, had died prior to the trial and prior to the entry of judgment. His executor or administrator has not been substituted as a party defendant, nor has there been a severance against this deceased defendant. Under the circumstances, the judgment as to him is a nullity and the plaintiffs' appeal from the judgment, insofar as it relates to him, must be dismissed (*Wanamaker* v. *Springstead,* 274 App. Div. 1008; *Mazzullo* v. *Wieland,* 9 A D 2d 930; cf. CPLR 1015, subds. a, b; 1021). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.