■ JOSEPH TESTA, Respondent, v FEDERATED DEPARTMENT STORES, INC., ABRAHAM & STRAUS DIVISION, Appellant, et al., Defendant.—In an action to recover damages for assault, false imprisonment, malicious prosecution and negligence, the defendant Federated Department Stores, Inc., Abraham & Straus Division (hereinafter A & S), appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), entered October 30, 1984, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $183,200.

Judgment reversed, on the law, the cause of action asserted in the complaint charging malicious prosecution dismissed, and a new trial granted on the remaining causes of action, with costs to abide the event.

The record indicates that the plaintiff was permitted to elicit, over appellant's counsel's repeated objection, highly prejudicial hearsay statements which the plaintiff attributed to one Eleanor Brodie. These statements were to the effect that she had witnessed an altercation between the plaintiff and several A & S security employees, that the plaintiff had not committed any wrongdoing, and that Brodie hoped the store's assistant security manager would "do the right thing" and not press criminal charges against the plaintiff. This testimony was inadmissible hearsay, since Brodie was not an employee of A & S; therefore, her statements could not be viewed as admissions by the corporate defendant (see, *Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Brutman v Lane's Dept. Store,* 28 AD2d 690). The plaintiff's contention that the statements were not used to prove the truth of their content is without merit, for the plaintiff did not request that a limiting instruction be given to the jury, nor was one in fact given by the trial court. The hearsay testimony, extremely prejudicial in itself, was further highlighted for the jury by the plaintiff's counsel's

thinly veiled reference to the alleged statements during summation, by the trial court's erroneous remark during its charge that Brodie *was* an employee of the defendant, and by the court's reiteration of the statements during its marshaling of the evidence.

We further note that the trial court engaged in a lengthy and disruptive argument with appellant's counsel while in the presence of the jury, which, while in some measure justified by that counsel's conduct, nevertheless rendered an impartial determination by the jury difficult, if not entirely impossible *(see, Rudnick v Norwich Pharmacal Co.,* 34 AD2d 912; *Habenicht v R.K.O. Theatres,* 23 AD2d 378; *Goldbard v Kirchik,* 20 AD2d 725).

In our view, the prejudicial effect of these errors necessitates a new trial.

Additionally, we find that the cause of action for malicious prosecution, based on the making of a criminal complaint charging the plaintiff with disorderly conduct, should be dismissed as a matter of law. The record of the preliminary hearing in the Criminal Court of the City of New York indicates that after reviewing the evidence, the court denied the plaintiff's motion to dismiss the charge and sustained the complaint. Such a determination has been viewed as the equivalent of a finding that the charge is supported by probable cause, and thus bars the maintenance of a malicious prosecution action *(see, Graham v Buffalo Gen. Laundries Corp.,* 261 NY 165; *Lancaster v Kindor,* 98 AD2d 300, *affd* 65 NY2d 804). Moreover, the subsequent dismissal of the charge of disorderly conduct due to the inartful drafting of the criminal complaint was not a termination of that charge such as to indicate the plaintiff's innocence *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420), nor did it fairly imply a lack of reasonable grounds for the prosecution *(see, Halberstadt v New York Life Ins. Co.,* 194 NY 1; *Brown v Brown,* 87 AD2d 680; *Loeb v Teitelbaum,* 77 AD2d 92, *amended on other grounds* 80 AD2d 838). Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.