■ THOMAS CONDY, Appellant, v SIDNEY ALPREN et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated April 30, 1985, which granted the defendants' motion to dismiss the complaint at the close of all the evidence.

Ordered that the judgment is affirmed insofar as it is in favor of the defendant Sidney Alpren, without costs or disbursements, and it is further

Ordered that the appeal by the plaintiff from the judgment insofar as it is in favor of the defendant Marjorie Alpren is dismissed, without costs or disbursements, and without prejudice to such further proceedings against her estate as the plaintiff may be advised.

In this "slip and fall" case, the plaintiff, a mail carrier, claims that he sustained injuries as a result of tripping over a leaf-obscured hose located in the driveway of the defendants' home. At trial, the plaintiff testified that he never saw what, if anything, the hose was connected to, and did not know to whom it belonged. He could not even say whether he fell over a full length of hose or just a small section. The defendant, Sidney Alpren, who was not made aware of the accident until roughly a year later, did admit that he owned a hose, which connected to a faucet inside his garage, and which possibly could have been outside on the day in question albeit not at the place where the fall allegedly occurred.

From this evidence, we find that the trier of fact could not reasonably infer that the defendant Sidney Alpren or his agent was responsible for the placement of the hose which allegedly caused the accident *(see, Schneider v Kings Highway Hosp. Center,* 67 NY2d 743). Further, evidence of notice, either

actual or constructive, of the allegedly dangerous condition was entirely lacking. Accordingly, the trial court properly dismissed the complaint at the close of evidence as against the defendant Sidney Alpren.

The record contains the statement, made pursuant to CPLR 5531, that there has been no change in the original parties to the action. However, contrary to this statement, the trial transcript indicates there was a change in the parties, namely that the defendant Marjorie Alpren had died prior to trial and entry of the judgment. There is no indication in the record on appeal that an executor or administrator of her estate was substituted as a party defendant, or that there was a severance against this deceased defendant. "Under the circumstances, the judgment as to [her] is a nullity and the plaintiff['s] appeal from the judgment, insofar as it relates to [her], must be dismissed" *(Goldbard v Kirchik,* 20 AD2d 725; *see, Mazzeo v Marrone,* 46 AD2d 788). Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.