■ PARK ASSOCIATES, Respondent, v CRESCENT PARK ASSOCIATES, INC., et al., Appellants.—In an action to recover on a promissory note, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated August 21, 1987, as denied their motion for summary judgment dismissing the complaint as time barred and granted the plaintiff's cross motion to strike their tenth affir-

mative defense of the Statute of Limitations, and (2) an order of the same court, dated December 4, 1987, which denied their motion for reargument.

Ordered that the order dated August 21, 1987, is modified, on the law, by (1) deleting the provision thereof granting the plaintiff's cross motion to strike the tenth affirmative defense of the Statute of Limitations insofar as it is asserted on behalf of Crescent Park Associates, Inc., and Marvin Greenfield and substituting therefor a provision denying the cross motion to that extent, and (2) deleting therefrom the provision denying those branches of the defendants' motion which were for summary judgment dismissing the complaint as time barred as against the individual defendants Stuart Bittleman and Robert Salisbury and substituting therefor a provision granting those branches of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated December 4, 1987, is dismissed, without costs or disbursements.

The plaintiff's cause of action to recover on a promissory note accrued on October 30, 1978, when the note came due. Thus, this action, commenced by service of a summons and complaint dated March 12, 1985, was not brought within the applicable six-year Statute of Limitations (CPLR 213). The dispositive issue, therefore, became whether the obligation to repay the debt was revived by a written acknowledgment of the debt (see, General Obligations Law § 17-101).

The doctrine of equitable estoppel does not serve to bar the defendants from asserting the Statute of Limitations as an affirmative defense since the plaintiff has failed to establish that the defendants induced it by fraud, misrepresentation or deception to refrain from commencing the action in timely fashion (see, General Obligations Law § 17-103 [4] [b]; *Simcuski v Saeli,* 44 NY2d 442, 448-449; *Thompson v Whitestone Sav. & Loan Assn.,* 131 AD2d 749, 752; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509). Since the plaintiff is relying on an exception to the Statute of Limitations, it had the burden of establishing the applicability of that exception (see, *Connell v Hayden,* 83 AD2d 30, 39; *Brush v Olivo,* 81 AD2d 852, 853). To constitute an acknowledgment, a writing "must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" *(Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). The writings, which were signed by the defendant Marvin Greenfield as an officer of the corporation, alternately referred to the defen-

dants' "outstanding obligation", proposed a method of satisfying the debt by allowing the plaintiff to participate in a mortgage held by the corporate defendant, or requested that the plaintiff forgive the debt.

In opposition, the defendants claim that representatives of the plaintiff and defendant corporation had a meeting on May 19, 1980, and at that time the plaintiff agreed that it would forgive the debt in order to earn a greater profit on another transaction between the parties. Although the Supreme Court characterized as "incredible on its face" the defendants' assertion that the debt had been orally forgiven, on a motion for summary judgment the court must not "weigh the credibility of affiants * * * unless it clearly appears that the issues are not genuine, but feigned" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441; Chase v Skoy, 146 AD2d 563, 564, appeal dismissed 73 NY2d 995). On the instant record, it does not appear that the issues presented are feigned. Rather, we find that the conflicting statements made by the parties in their affidavits gave rise to a question of fact which precluded summary judgment, to wit, whether the plaintiff had forgiven the debt (see, Estate of Vengroski v Garden Inn, 114 AD2d 927; cf., Bernstein v Kaplan, 67 AD2d 897).

However, the complaint insofar as asserted against the individual defendants Stuart Bittleman and Robert Salisbury who are the guarantors of the promissory note must be dismissed. The alleged acknowledgment by the corporate defendant does not extend the Statute of Limitations as to the guarantors absent some clear indication that the corporate defendant was acting as the agent of the guarantors (see, Peoples Trust Co. v O'Neil, 273 NY 312; Chemical Bank N.Y. Trust Co. v Armory, 27 AD2d 730, affd 21 NY2d 832; see generally, 2 Carmody-Wait 2d, NY Prac § 13:257 et seq.). The record is devoid of any evidence that the corporate defendant acted as the agent of the guarantors. The individual defendant Marvin Greenfield, who was also a guarantor, cannot be released from liability at this juncture because he participated in the negotiations and executed one of the writings in a capacity other than as an officer of the defendant corporation.

Lastly, the appeal from the denial of the defendants' motion, denominated as a motion for renewal and reargument, must be dismissed. The motion is actually one for reargument as it was not based upon new facts unavailable at the time of the original motion (see, e.g., Huttner v McDaid, 151 AD2d 547). The denial of a motion for reargument is not appealable (see, e.g., Huttner v McDaid, supra; Mgrditchian v Donato, 141

AD2d 513). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.