■ EUROPEAN AMERICAN BANK, Appellant, v STRAB CONSTRUCTION CORP. et al., Respondents. [601 NYS2d 21] —Motion by the plaintiff-appellant to resettle a decision and order of this Court dated April 5, 1993 [192 AD2d 505], which determined an appeal from an order of the Supreme Court, Nassau County, entered December 26, 1990, to (1) substitute Marla Strow, qualified as personal representative of the Estate of Jerome Strow, deceased, under the laws of the State of Florida, for the defendant Jerome Strow, who died on June 15, 1990, and (2) to "provide that the judgment to be entered shall also include (in addition to the principal sum of $1,205,000) pre-judgment interest, and to direct the Nassau County Clerk to compute same without further court order".

Upon the papers filed in the support of the motion, and no papers having been filed in opposition thereto, it is,

Ordered that that branch of the motion which is to substitute Marla Strow as a party defendant is denied, without prejudice to an application in the Surrogate's Court, Nassau County, for the issuance of ancillary letters to her under SCPA article 16, and a motion in the Supreme Court, Nassau County, for her substitution as a party defendant in the instant action; and it is further,

Ordered that that branch of the motion relating to prejudgment interest is granted, to the extent that the decision and order of this Court dated April 5, 1993, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover on five promissory notes brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the plaintiff bank appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered December 26, 1990, which denied the motion.

Ordered that the appeal from so much of the order as denied the motion with respect to the defendant Jerome Strow is dismissed, and the order entered December 26, 1990, is vacated as to him; and it is further,

Ordered that order is reversed with respect to the defendants Strab Construction Corp. and Gary Rabinowitz, on the law, the motion is granted in the principal sum of $1,205,000 with respect to those defendants, and the matter is remitted to the Supreme Court, Nassau County, for calculation of the amount due as prejudgment interest thereon, for entry of a judgment in the plaintiff's favor against those defendants accordingly, for a hearing on the issue of attorneys' fees, and, after qualification and substitution of a personal representative in this State for the Estate of Jerome Strow, for a determination of that branch of the plaintiff's motion which is for summary judgment with respect to that defendant; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the defendants Strab Construction Corp. and Gary Rabinowitz.

Since the defendant Jerome Strow died before the motion for summary judgment was decided by the Supreme Court, Nassau County, the order is a nullity with respect to him (see, CPLR 5016 [d]; Condy v Alpren, 123 AD2d 737; Arents v Long Is. R. R. Co., 36 App Div 379). Accordingly, the appeal as to him must be dismissed and the order vacated insofar as it affects him.

With respect to the remaining defendants, the plaintiff established a prima facie case by proof of the promissory notes and guarantees, as well as those defendants' failure to make payments in accordance with the terms of those instruments (see, Coniglio v Regan, 186 AD2d 708). These defendants were thus required to come forward with evidence showing the existence of a triable issue of fact (see, Banner Indus. v Key B.H. Assocs., 170 AD2d 246), which they failed to do. The defense theory relies upon an alleged oral agreement, the enforcement of which is barred by the Statute of Frauds (see, Marine Midland Bank-S. v Thurlow, 53 NY2d 381; Woodhouse, Drake & Carey v Royal Intl. Trade, 188 AD2d 315). Moreover, any alleged partial performance fails to remove the oral agreement from the Statute of Frauds, since the defendants' conduct was not "unequivocally referable" to the agreement alleged (see, American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan, 170 AD2d 471).

Accordingly, summary judgment in favor of the plaintiff bank is appropriate against the defendants Strab Construction Corp. and Gary Rabinowitz *(see,* CPLR 3213). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.