■ NORTH FORK BANK & TRUST COMPANY, Respondent, v ALAN GUTHARTZ, Appellant. [608 NYS2d 313] —In an action for payment on a promissory note, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cowan, J.), dated March 30, 1992, which granted the plaintiff's motion for summary judgment in the amount of $455,556.57, plus interest at the rate of 4% from November 30, 1990, plus costs.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff established a prima facie case by proof of the promissory note, as well as the defendant's failure to make the interest payments according to the terms of the note (see, European Am. Bank v Strab Constr. Corp., 196 AD2d 479; Silber v Muschel, 190 AD2d 727). Accordingly, it was incumbent upon the defendant to establish by admissible evidence that a triable issue of fact existed (see, Faustini v Darth Provisions Co., 131 AD2d 809). In the present case, the defendant put forth many unsupported allegations regarding the terms of the note itself and the conduct of the plaintiff. Most notably, the defendant contended that the note he executed was not a demand note. Rather, he claimed that, pursuant to an oral agreement between him and a bank officer, the term of the note was to be mutually agreed between him and the bank. However, the note did not contain such a payment term. The note clearly and unambiguously indicated that the term of payment was upon demand of the bank. The defendant cannot proffer parol evidence to alter the express terms of the note (see, Curwil Constr. Corp. v RHP Dev. Corp., 194 AD2d 514; see generally, Richardson, Evidence §§ 601, 602, at 598-599 [Prince 10th ed]). The other allegations made by the defendant were conclusory and without evidentiary support in the record (see, Faustini v Darth Provisions Co., supra). Accordingly, summary judgment in favor of the plaintiff was

appropriate. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.