■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v LEWIS B. KAYE et al., Appellants, et al., Defendants. [639 NYS2d 44] —In an action to foreclose a mortgage on real property, the defendants Lewis B. Kaye and Marilyn Harra Kaye appeal (1) from an order of the Supreme Court, Suffolk County (Werner, J.), dated August 25, 1994, which, in effect, granted their motion to renew their opposition to the plaintiff's motion for summary judgment and adhered to the prior determination granting the plaintiff's motion for summary judgment, (2) from so much of an order of the same court also dated August 25, 1994, as granted the plaintiffs' motion for a judgment of foreclosure and denied their cross motion to dismiss the action, and (3) from a judgment of foreclosure of the same court entered August 31, 1994, as amended by an order of the same court dated September 7, 1994.

Ordered that the appeals from the orders are dismissed, and it is further,

Ordered that the judgment, as amended, is affirmed, and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Although the mortgage in this case was initially given to Dollar Dry Dock Bank (hereinafter the bank), the Federal Deposit Insurance Corporation (hereinafter FDIC) was appointed the receiver of the bank. Therefore, the FDIC succeeded to all of the bank's rights and privileges including title to all of the bank's assets (*see,* 12 USC § 1821 [d] [2] [A] [i]; *Resolution Trust Corp. v Timms,* 60 F3d 972; *Resolution Trust Corp. v Diamond,* 45 F3d 665, 669, *cert denied sub nom. Solomon v Resolution*

*Trust Corp.,* — US —, 115 S Ct 2609, citing *O'Melveny & Meyers v FDIC,* 512 US 79, 86).

The FDIC established its entitlement to judgment as a matter of law in this action to foreclose the appellants' mortgage by offering proof of the mortgage and the appellants' default in paying it (*see, Dime Sav. Bank v Rand,* 204 AD2d 261; *European Am. Bank v Strab Constr. Corp.,* 196 AD2d 479). Since the appellants' failed to establish by proof in admissible form the existence of a triable issue of fact, the FDIC's motion for summary judgment was properly granted (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Mlcoch v Smith,* 173 AD2d 443).

The appellants' remaining contentions are without merit. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.