■ THOMAS SCIONTI, Appellant, v ROBERT E. REID, JR., Respondent. [657 NYS2d 907] —In an action, *inter alia,* to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals (1) from a decison of the Supreme Court, Suffolk County (Stark, J.), dated March 5, 1996, and (2) as limited by his brief, from so much of an order of the same court, dated May 2, 1996, as denied his motion for summary judgment and granted that branch of the defendant's cross motion which was to dismiss, as time-barred, the cause of action on a promissory note dated April 10, 1989.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties signed a promissory note dated April 10, 1989, which provided for repayment of the loan in 90 days. The plaintiff's cause of action to recover on the note accrued, and the six-year Statute of Limitations began to run, on the day after maturity *(see, UCC 3-122 [1] [a]; CPLR 213; Park Assocs. v Crescent Park Assocs.,* 159 AD2d 460). Since the plaintiff did

not commence this action until October 1995 his cause of action to recover on the April 10, 1989, note was time-barred, and the Supreme Court properly granted the defendant's cross motion to dismiss that claim.

The plaintiff is barred by the parol evidence rule from introducing evidence of an alleged oral modification of the payment date which contradicts an express term of the note *(see, Gross v Fruchter,* 230 AD2d 710; *North Fork Bank & Trust Co. v Guthartz,* 201 AD2d 712). Moreover, the plaintiff's allegations do not warrant invoking the doctrine of estoppel to preclude the defendant from pleading the Statute of Limitations *(see, Kiernan v Long Is. R. R.,* 209 AD2d 588; *DeGori v Long Is. R. R.,* 202 AD2d 549; *see also, Simcuski v Saeli,* 44 NY2d 442, 448-449). O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.