■ MOHAMMED NOUR, Appellant, v CITY OF NEW YORK, Respondent. [995 NYS2d 602]—

In an action to recover damages for malicious prosecution, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Spodek, J.), dated September 7, 2012, which, after a jury verdict in favor of the defendant, denied his motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial.

Ordered that the amended order is affirmed, with costs.

The plaintiff was arrested by officers of the New York City Police Department and charged with resisting arrest and disorderly conduct. The charges were ultimately dismissed, and the plaintiff subsequently commenced this action seeking damages from the City of New York for malicious prosecution. After a trial, the jury returned a verdict in favor of the City. The jury concluded that the police did not have probable cause to arrest the plaintiff for resisting arrest, but that there was probable cause for his arrest on disorderly conduct charges. Thereafter, the Supreme Court denied the plaintiff's motion to set aside the verdict and for a new trial.

The plaintiff contends that he is entitled to a new trial because the Supreme Court improperly instructed the jury that the plaintiff could not recover damages unless the jury found that the plaintiff was maliciously prosecuted for both disorderly conduct and resisting arrest. The plaintiff argues that malicious prosecution claims are limited to criminal proceedings and, thus, his arrest for disorderly conduct, which is a violation (*see* Penal Law § 240.20), should not have been a subject for the jury's consideration. However, contrary to the plaintiff's contention, his arrest for disorderly conduct can form the basis for a malicious prosecution cause of action, as long as the proceeding terminated in his favor, lacked probable cause, and was brought out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Rivera v City of New York*, 40 AD3d 334 [2007]; *Testa v Federated Dept. Stores, Abraham & Straus Div.*, 118 AD2d 696 [1986]). Accordingly, the jury was properly instructed that a finding that there was probable cause for the disorderly conduct arrest required a verdict in favor of the City on the malicious prosecution cause of action (*see Rivera v City of New York*, 40 AD3d at 338-339; *Whyte v City of Yonkers*, 36 AD3d 799 [2007]; *Bennett v New York City Hous. Auth.*, 245 AD2d 254 [1997]). The plaintiff also contends that the Supreme Court improperly precluded certain videotapes from being admitted into evidence. However, the court providently exercised its discretion by not admitting the subject videotapes into evidence (*see People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Addison*, 107 AD3d 730 [2013]).

Thus, the Supreme Court properly denied the plaintiff's motion. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.