Carpenito v Linksman (2021 NY Slip Op 04657)





Carpenito v Linksman


2021 NY Slip Op 04657


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2018-10188
 (Index No. 87/18)

[*1]Michael Carpenito, et al., appellants, 
v
Lawrence I. Linksman, et al., respondents, et al., defendants.


William A. Schilling, Jr., P.C. (Michael V. Caruso, P.C., Brewster, NY), for appellants.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondents.



DECISION & ORDER
In an action, in effect, to recover on a promissory note, the plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated July 12, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Lawrence I. Linksman and Fundex Properties Corp. which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and, in effect, denied, as academic, that branch of the plaintiffs' cross motion which was to amend the complaint to add new allegations against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about January 2, 2018, the plaintiffs commenced this action, in effect, to recover on a promissory note that by its terms had matured in 2008. The defendants Lawrence I. Linksman and Fundex Properties Corp. (hereinafter together the Linksman defendants) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on various grounds, including that the complaint was time-barred and for failure to state a cause of action. In opposition, the plaintiffs argued, among other things, that the Linksman defendants had reaffirmed the debt, thus reviving the statute of limitations, or that they should be equitably estopped from invoking the statute of limitations as a ground to dismiss the complaint. The plaintiffs also cross-moved for leave to amend the complaint.
In an order dated July 12, 2018, the Supreme Court, inter alia, granted that branch of the Linksman defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that it was time-barred and, in effect, denied, as academic, that branch of the plaintiffs' cross motion which was to amend the complaint to add new allegations against the Linksman defendants. The plaintiffs appeal.
The complaint, which, regardless of how the various causes of action therein are delineated, effectively seeks to recover on the promissory note, was not timely commenced within the applicable six-year statute of limitations (see CPLR 213[2]; Sce v Ach, 56 AD3d 457, 458; see also UCC 3-122[1][a]; Scionti v Reid, 238 AD2d 496, 497; see generally Cabrini Med. Ctr. v [*2]Desina, 64 NY2d 1059, 1061-1062; Maya NY, LLC v Hagler, 106 AD3d 583, 585). Contrary to the plaintiffs' contentions, they failed to demonstrate that the Linksman defendants reaffirmed the debt so as to revive the statute of limitations (see General Obligations Law § 17-101; Pugni v Giannini, 163 AD3d 1018, 1019-1020; Park Assoc. v Crescent Park Assoc., 159 AD2d 460, 461; cf. e.g. Banco do Brasil v State of Antigua & Barbuda, 268 AD2d 75, 76-77; cf. also Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 932; Cognetta v Valencia Devs., Inc., 8 AD3d 318, 319-320) or that they should be equitably estopped from invoking the statute of limitations as a ground to dismiss the complaint (see generally Zumpano v Quinn, 6 NY3d 666, 674; Simcuski v Saeli, 44 NY2d 442, 448-449; Campbell v Chabot, 189 AD2d 746, 747). Accordingly, the Supreme Court properly granted that branch of the Linksman defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that it was time-barred.
In light of the foregoing, the Supreme Court properly, in effect, denied, as acadmic, that branch of the plaintiffs' cross motion which was to amend the complaint to add new allegations against the Linksman defendants (see generally Davies v Incorporated Vil. of E. Rockaway, 272 AD2d 503, 504).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court