U.S. Bank N.A. v USA Brooklyn Enters., Inc. (2024 NY Slip Op 05471)

U.S. Bank N.A. v USA Brooklyn Enters., Inc.

2024 NY Slip Op 05471

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-02260
 (Index No. 7715/08)

[*1]U.S. Bank National Association, etc., respondent,
v
USA Brooklyn Enterprises, Inc., appellant, Amalgamated Bank, et al., defendants.

Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant USA Brooklyn Enterprises, Inc., appeals from an amended order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 10, 2023. The amended order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant USA Brooklyn Enterprises, Inc., and for an order of reference and appointed a referee to compute the amount due on the note.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
On April 6, 2007, Khalid Campbell (hereinafter the borrower) executed a note in the amount of $351,920 in favor of America's Wholesale Lender. The note was secured by a mortgage on certain real property located in Brooklyn.
On March 10, 2008, the plaintiff's predecessor in interest, Countrywide Home Loans, Inc. (hereinafter Countrywide), commenced this action against the borrower and the defendant USA Brooklyn Enterprises, Inc. (hereinafter USA Brooklyn), among others, to foreclose the mortgage. In its answer, USA Brooklyn alleged that Countrywide lacked standing to commence the action. In an order dated July 9, 2019, the Supreme Court, inter alia, substituted the plaintiff for Countrywide.
On February 18, 2020, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against USA Brooklyn and for an order of reference. In support of its motion, the plaintiff submitted, inter alia, copies of the note and the mortgage. The copy of the note was followed by an otherwise blank sheet of paper, which contained a signed stamp purportedly endorsing the note from Countrywide, "DOING BUSINESS AS AMERICA'S WHOLESALE LENDER," in blank.
The plaintiff further submitted an affidavit of an assistant vice president of Bank of America, N.A. (hereinafter Bank of America), successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP. The assistant vice president stated [*2]that she was familiar with Bank of America's records and record-keeping practices. The assistant vice president attached a business record that indicated that Countrywide had been in possession of the original note since April 8, 2007, and had possession of the note when it commenced this action on March 10, 2008. USA Brooklyn opposed the motion on the ground, among other things, that "the endorsement on the note was defective since it appeared on a separate page and not on the note itself." In reply, the plaintiff submitted a certified copy of the note, which contained an attorney's certification on every page of the note, including the otherwise blank page containing the endorsement. The plaintiff further submitted a document from the Department of State, stating that Countrywide had done business under the assumed name of "America's Wholesale Lender" since 1993. In an amended order dated January 10, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against USA Brooklyn and for an order of reference and appointed a referee to compute the amount due on the note. USA Brooklyn appeals.
Initially, the plaintiff's contention that the appeal should be dismissed as untimely is not properly before this Court, since, as the plaintiff concedes, it is based on matter dehors the record (see Matter of Samson R., 227 AD3d 911).
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against USA Brooklyn and for an order of reference. A plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). Where an endorsement is on an allonge to the note, the plaintiff must establish that the allonge was "so firmly affixed to the note so as to become a part thereof" pursuant to UCC 3-202(2) at the time the action was commenced (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (id.).
Here, the plaintiff's submissions established that the action was commenced by the original lender and, thus, that the endorsement in blank was irrelevant (see CitiMortgage, Inc. v Pugliese, 143 AD3d 659, 661). In any event, the plaintiff's submission of the certified copy of the note established that the endorsement was actually stamped on the back of the final page of the note and not on a separate piece of paper (see Deutsche Bank Natl. Trust Co. v Dormer, 60 Misc 3d 550, 553 [Sup Ct, Suffolk County]).
The plaintiff's submissions further established that Countrywide, the plaintiff's predecessor in interest, had possession of the note when it commenced this action. "[A]s a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id.). But "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. at 205; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851).
Here, the affidavit of the assistant vice president of Bank of America, the successor by merger to Countrywide, along with the attached business record, established that Countrywide had possession of the original note when it commenced this action on March 10, 2008.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against USA Brooklyn and for an order of reference and appointed a referee to compute the amount due on the note.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court