Schieber v Patterson (2024 NY Slip Op 51561(U))

[*1]

Schieber v Patterson

2024 NY Slip Op 51561(U)

Decided on November 17, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 17, 2024
Supreme Court, Kings County

Shari Schieber, as the Executrix of the Estate of David Wishnick, Plaintiff,

against
Desmond L. Patterson, Defendant.

Index No. 530866/2023

Rivkin Radler LLP, New York City (Justin S. Henderson of counsel), for plaintiff.
Law Offices of David M. Harrison, Esq., Brooklyn (David M. Harrison of counsel) for defendant.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion:
Doc No. 6: Plaintiff's notice of motion
Doc No. 7: Ryan Manigo affidavit in support of Plaintiff's motion
Doc No. 8: Exhibit A — promissory note
Doc No. 9: Memorandum of law in support of Plaintiff's motion
Doc No. 10: Request for Judicial Intervention
Doc No. 11: Affidavit of service of motion papers on Defendant
Doc No. 13: Stipulation of adjournment of motion
Doc No. 14: Stipulation of adjournment of motion
Doc No. 15: Defendant's notice of cross-motion
Doc No. 16: David M. Harrison affirmation of good faith
Doc No. 17: David M. Harrison affirmation in opposition to Plaintiff's motion and in support of Defendant's cross-motion
Doc No. 18: Exhibit 1 — summons and complaint
Doc No. 19: Exhibit 2 — Defendant's pro se answer
Doc No. 20: Exhibit 3 — Defendant Desmond L. Patterson's affidavit
Doc No. 21: Exhibit 4 — Defendant's proposed amended answer
Doc No. 22: Exhibit 5 — Christopher Thomas' and Felix Hernandez's statements
Doc No. 23: Exhibit 6 — Stipulations
Doc No. 24: David M. Harrison affirmation of compliance with Rule 202.8-b
Doc No. 25: David M. Harrison certification re generative artificial intelligence
Doc No. 26: Affidavit of service of cross-motion papers
Doc No. 27: Stipulation of adjournment of motions
Doc No. 29: Stipulation of adjournment of motions
Doc No. 30: Ryan Manigo affidavit in support of Plaintiff's motion
Doc No. 31: Memorandum of law in support of Plaintiff's motion and in opposition to Defendant's cross-motion
Upon the foregoing papers, having heard oral argument,[FN1]
and due deliberation having been had, the within motions of the parties are determined as follows.
Background
This is an action commenced by Shari Schieber ("Plaintiff"), as executor of the Estate of the David Wishnick ("Decedent"), seeking judgment on a promissory note executed by Desmond L. Patterson ("Defendant") in exchange for a $105,000 loan made by Decedent to Defendant on July 5, 2019. The note provided, among other things, that interest was at the rate of 12% per annum,[FN2]
the loan would mature in one year, and payments of interest only in the amount of $1,050 were to be made monthly. Plaintiff alleges that Defendant is in default on the note, owes the $105,000 principal, accrued interest (from July 15, 2019), and attorneys' fees. (See generally NY St Cts Elec Filing [NYSCEF] Doc Nos. 8, promissory note; 18, complaint.)
Defendant claims that he made certain payments aggregating approximately $50,000 (by check to Decedent's real estate company and by cash to Decedent), that in 2022, Decedent agreed to release Defendant from having to pay off the note further in consideration for Decedent soliciting others to borrow money from Decedent, and that others did in fact enter into loan agreements with Decedent at Defendant's behest (see generally NYSCEF Doc Nos. 19, pro se answer; 20, Patterson aff).

Motions
Before the Court are two motions. Motion Sequence No. 1 is Plaintiff's motion for summary judgment against Defendant in the amount of $105,000 plus default interest at 12% per annum from June 30, 2020; seeking a hearing on awarding her attorneys' fees; and dismissing Defendant's affirmative defenses (see NYSCEF Doc No. 6, notice of motion). Defendant's cross-motion, Motion Sequence No. 2, seeks leave to amend his pro se answer, which inadvertently referred to Decedent as "Plaintiff," inasmuch as Plaintiff herein is Decedent's executrix and the individual who lent Defendant money and later forgave the remainder of payment due was Decedent (see NYSCEF Doc Nos. 15, notice of cross-motion; 21, proposed [*2]amended answer).

Contentions
For factual support of her motion for summary judgment against Defendant, Plaintiff relies on the promissory note and the affidavit and reply affirmation of Ryan Manigo. Ms. Manigo avers the following: She was the office manager retained initially by Decedent and now by Plaintiff (see NYSCEF Doc No. 7, Manigo aff ¶ 1). She is familiar with the facts and circumstances of the instant matter based on "facts known to me to be true" and her "review of the books and records maintained in connection with the subject promissory note" (id. ¶ 2). She has "personal knowledge" and "experience as the office manager of Plaintiff," is "familiar[ ] with Plaintiff's practices and procedures, [and] review[ed] . . . the custodial and business records of Plaintiff relating to the promissory note at issue, which are maintained by Plaintiff in the regular course of business" (id. ¶ 3).
In terms of evidence, Ms. Manigo attested as follows:
4. . . . The records in Plaintiff's possession, and submitted as part of this affidavit, include documents which Plaintiff generates in the ordinary course of its business operations (which include data complications,[[FN3]] electronically imaged documents, and others) that are made at or near the time by, or from information provided by, persons with knowledge of the activities and transactions reflected in such records, and are kept in the course of Plaintiff's regularly conducted business activity.
5. In the regular course of its business, I, on behalf of Plaintiff, make records of the acts, transactions, events and occurrences regarding and pertaining to the private loans for which it is responsible. The record of each act, transaction, event or occurrence is made at the time of the act, transaction, event or occurrence or within a reasonable time thereafter. It is the regular practice of Plaintiff's private loan business to record and track each loan that it services.
. . .
16. Pursuant to the Note, the failure to pay the principal amount due on the Maturity Date of June 30, 2020 constitutes a default. Based on my personal knowledge, and my review of Plaintiff's business records, Defendant has failed to pay the principal amount due and owing under the Note on or before the maturity date of June 30, 2020.
. . .
19. I am advised that, in his answer, Defendant makes the unsupported allegation that he was assured that if he referred other borrowers to Plaintiff he would be released from the obligations under the Note. See Answer, NYSCEF Doc 5. at paras: 5-6. First, as the party who handled Plaintiff's private loans, I categorically deny that any such agreement was made.
20. However, I am advised that, even if taken as true for the purposes of this motion, this claimed oral agreement is directly contradicted by the terms of the Note. This allegation that Plaintiff agreed to change the amounts due is defeated by and in direct contravention of the terms of the Note, which provides in paragraph 5 which prohibits "delays in due dates or changes in the amounts of monthly payments unless the Note Holder agrees in wiring to those delays or changes". (Id. ¶¶ 4-20.)
Defendant concedes that he executed a promissory note to Decedent on or about July 5, 2019, in the amount of $105,000 (see NYSCEF Doc No. 20, Patterson aff ¶ 2). Defendant made payments totaling around $50,000, many by check payable to "Home X," Decedent's real estate company, and some by cash (see id. ¶ 3). He referred other people to Decedent and "by reason of my loan referrals to Mr. Wishnick, he advised me during the calendar year of 2022 that my arrears on the subject loan [were] waived" (id. ¶ 5).
Defendant's counsel's affirmation asserted that Ms. Manigo's affidavit was deficient because she did not state in her affidavit when she became Decedent's office manager or began employment with Decedent, she did not identify which business records she reviewed, she failed to set forth a payment history of the loan, and she did not deny that Defendant had referred individuals to Decedent for business. (See generally NYSCEF Doc No. 17, Harrison aff.)
In a reply affirmation, Ms. Manigo attested to being initially employed by Decedent in 2012, approximately seven years before the date of the promissory note (see NYSCEF Doc No. 30, Manigo reply aff ¶ 3). Thus, she has "personal knowledge as to the Note and any verbal agreements between Wishnick and Defendant, without relying upon a review [of] any records maintained by Wishnick" (id. ¶ 4). As "the person who handled Wishnick's private loans, I would have personal knowledge of any subsequent agreements entered between Wishnick and Defendant" (id. ¶ 9), and "I categorically deny any subsequent agreements between Wishnick and Defendant, wherein Wishnick allegedly agreed to forgive Defendant of his indebtedness under the Note" (id. ¶ 10). Manigo reiterated "that Defendant failed to pay the principal amount of the Note on or before the Maturity Date" (id. ¶ 8).

 Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324).
Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
A plaintiff establishes prima facie entitlement to summary judgment as a matter of law on a promissory note by showing that the defendant executed the subject instrument, the note contains an unconditional promise to repay the plaintiff upon demand or at a definite time, and the defendant failed to pay in accordance with the note's terms (see Flushing AV Laundromat, Inc. v Qu, 229 AD3d 516 [2d Dept 2024); Mehta v Mehta, 168 AD3d 716 [2d Dept 2019]; Von [*3]Fricken v Schaefer, 118 AD3d 869 [2d Dept 2014]). Where the signer of a promissory note defends on the basis that the underlying debt was forgiven, conflicting statements made in affidavits with respect to said defense give rise to a question of fact precluding summary judgment on the note (see Park Assoc. v Crescent Park Assoc., Inc., 159 AD2d 460 [2d Dept 1990]).
To the extent that Ryan Manigo's original affidavit and reply affirmation,[FN4]
submitted by Plaintiff, assert that she has personal knowledge of the default of Defendant in repaying the principal amount of the note, this is rebutted by Defendant, who stated that he paid around $50,000, and that the remaining balance due was forgiven by Decedent. This created an issue of fact precluding an award of summary judgment to Plaintiff (see id.).[FN5]

In any event, Ms. Manigo's blanket, categorical denial of Defendant's claim of forgiveness, based on her being "the person who handled Wishnick's private loans [and that she] would have personal knowledge of any subsequent agreements entered between Wishnick and Defendant" (NYSCEF Doc No. 30, Manigo reply aff ¶ 9) is found deficient because she failed to state that she was present during every conversation Defendant had with Decedent, whether in person, by telephone, or otherwise.
The Court also finds that Ms. Manigo's original affidavit suffers from a defect in that it repeatedly refers to a loan made by Plaintiff when it was Decedent who made the loan. For example, Ms. Manigo states the following:
• "It is the regular practice of Plaintiff's private loan business to record and track each loan that it services (NYSCEF Doc No. 7, Manigo aff ¶ 5).
• "This straightforward action arises out of Plaintiff's loan to Defendant in the principal amount of $105,000.00 in accordance with the terms of a promissory note and Defendant's failure to make payment in accordance with the promissory note" (id. ¶ 7).
• "The claim that Plaintiff agreed to release Defendant's balance is not only untrue, but belied by the promissory note itself in which no such oral understanding about the amounts due can be implied or enforced as a matter of law absent a writing" (id. ¶ 9).
• "I am advised that, in his answer, Defendant makes the unsupported allegation that he was assured that if he referred other borrowers to Plaintiff he would be released from the obligations under the Note. See Answer, NYSCEF Doc 5. at paras: 5-6. First, as the party who handled Plaintiff's private loans, I categorically deny that any such agreement was made." (Id. ¶ 19.)
• "This allegation that Plaintiff agreed to change the amounts due is defeated by and in direct contravention of the terms of the Note, which provides in paragraph 5 which [*4]prohibits 'delays in due dates or changes in the amounts of monthly payments unless the Note Holder agrees in [writing] to those delays or changes' " (id. ¶ 20).
These references to the loan made by "Plaintiff" are at variance with those in the reply affidavit referring to a loan made by Decedent. "[I]nconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing to Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In numerous additional instances involving different causes of action, it has been held that where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Dists 2010]).
To the extent that Ms. Manigo's original affidavit and reply affirmation rely on business records, the Court finds her original affidavit and reply affirmation deficient.[FN6]
Ms. Manigo stated that she "submitted as part of [her] affidavit," "data [compilations], electronically imaged documents, and other[ ]" documents which were "made at or near the time by, or from information provided by, persons with knowledge of the activities and transactions reflected in such records, and are kept in the course of Plaintiff's regularly conducted business activity" (NYSCEF Doc No. 7, Manigo aff ¶ 4). Ms. Manigo failed to attach the data compilations and electronically imaged documents to her affidavit. She also failed to attach any other business records establishing Defendant's default. As such there is no support in her affidavit and affirmation for Plaintiff's claim that Defendant defaulted on the promissory note. As has been stated, "Green correctly contends that the plaintiff failed to submit evidence establishing her default. Wilson failed to attach or incorporate any of Wells Fargo's business records to her affidavit. Accordingly, her affidavit constituted inadmissible hearsay and lacked probative value" (HSBC Bank USA v N.A. v Green, 175 AD3d 1273, 1275 [2d Dept 2019]; see CPLR 4518). It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see U.S. Bank N.A. v USA Brooklyn Enterprises, Inc., — AD3d —, 2024 NY Slip Op 05471,*2 [2d Dept 2024]; Bank of New York Mellon v Gordon, 171 AD3d 197, 205 [2d Dept 2019]).
That a defendant failed to pay a loan in accordance with the promissory note's terms is a requisite element of a cause of action for an action on the note (see Flushing AV Laundromat, Inc. v Qu, 229 AD3d 516; Mehta v Mehta, 168 AD3d 716; Von Fricken v Schaefer, 118 AD3d 869). Ms. Manigo's affidavit and affirmation are the evidence relied upon by Plaintiff to establish that Defendant defaulted in paying the subject loan. Since they are deficient, Plaintiff failed to establish a prima facie case in support of summary judgment on her cause of action for [*5]nonpayment.[FN7]
The burden of proof did not shift to Defendant to have to rebut Plaintiff's motion papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324). In any event, Defendant claimed forgiveness of the loan secured by the note and there exists a material issue of fact with regard thereto (supra at 4-5). Plaintiff's motion for summary judgment must be denied.
As for the proposed amendment to his answer, Defendant argues that there was a mistake in referring to Plaintiff as the loan maker. He should have referred to Decedent or Mr. Wishnick. Defendant drafted his answer during the time he represented himself pro se. The Court recognizes that certain latitude may be afforded pro se litigants (e.g. Brown v Lavine, 45 AD2d 753 [2d Dept 1974] [new administrative hearing afforded pro se individual who erroneously thought pre-hearing off-the-record defense presented to hearing officer was on the record]; Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Moreover, leave to amend an answer shall be freely given if there is no prejudice to the plaintiff (see Lennon v 56th and Park [NY] Owner, LLC, 199 AD3d 64, 71 [2d Dept 2021]). Even Plaintiff's affidavit witness, Ms Manigo, erroneously referred to "Plaintiff" instead of to "Decedent" or Mr. Wishnick. Everyone knows that it was Decedent (Mr. Wishnick)—not Plaintiff—who made the loan to Defendant which was secured by the promissory note. Plaintiff opposed Defendant's cross-motion to amend his answer on the asserted ground that it was moot, and did not argue that she would be prejudiced (see NYSCEF Doc No. 31, plaintiff's reply mem law). Defendant's cross-motion to amend his answer should be granted, as it is not moot.

Conclusion
Accordingly, it is hereby ORDERED that the motion by Plaintiff Shari Schieber, as executrix of the Estate of David Wishnick, seeking summary judgment (Motion Sequence No. 1) is DENIED. Defendant Desmond L. Patterson's cross-motion to amend his answer (Motion Sequence No. 2) is GRANTED, and the proposed amended answer shall be refiled and re-served on Plaintiff within ten days of entry of this order.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Paragraph 3 of the complaint contains an apparent typographical error. It reads, "For purposes of evidencing indebtedness to Lender, Defendant duly executed and delivered to Lender a 'Note' dated and executed on July 5, 2019 ('Note') in the amount of $105,000.00 together with interest therein at the rate of two percent (12%) per annum. A true and accurate copy of the Note is annexed hereto, and incorporated herein, as Exhibit 'A'." Obviously, Plaintiff meant "twelve" instead of "two."

Footnote 3:Presumably, the word "compilations," not "complications," was intended.

Footnote 4:Ms. Manigo's allegations in her reply affirmation are considered (see Central Mtge. Co. v Jahnsen, 150 AD3d 661 [2d Dept 2017]).

Footnote 5:While Plaintiff argues that the Dead Man's Statute precludes consideration of Defendant's affidavit claim of loan forgiveness by Decedent, the Court disagrees and considers the claim in opposition to Plaintiff's motion for summary judgment, especially since counsel averred that there are persons who will confirm that they sought loans from Decedent at Defendant's behest (see Phillips v Joseph Kantor & Co., 31 NY2d 307, 314-315 [1972]; NYSCEF Doc No. 17, Harrison aff ¶ 17).

Footnote 6:Defendant's counsel raised the issue challenging Ms. Manigo's alleged possession of knowledge of Decedent's business records (see NYSCEF Doc No. 17, Harrison aff ¶¶ 14-15).

Footnote 7:Since Plaintiff has not established entitlement to summary judgment on her cause of action for nonpayment of the loan, she likewise failed to establish entitlement to summary judgment on her cause of action for attorneys' fees and dismissal of Defendant's affirmative defenses.